**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES GOVERNMENT *ex rel.*
DAVID CARROLL STEPHENSON *et al.*,

    *Plaintiffs*,

v.

JEROME H. POWELL *et al.*,

    *Defendants*.

Civil Action No. 18-927 (TJK)

## MEMORANDUM OPINION

On April 16, 2018, David Carroll Stephenson and Steven Fishman ("Relators") filed this *qui tam* action against Defendants, asserting claims brought as relators on behalf of the United States under the False Claims Act (the "FCA"), 31 U.S.C. § 3729 *et seq.*, as well as claims brought as plaintiffs on their own behalf for injunctive and declaratory relief and a writ of mandamus. Defendants are members of the Board of Governors of the Federal Reserve System (the "Board") in their official capacities; the presidents of the Federal Reserve Banks in their capacities as such; and the Federal Reserve Banks themselves. *See* ECF No. 1 at 10-15. The gravamen of the complaint is that the issuance of Federal Reserve Notes by Federal Reserve Banks constitutes a false claim against the United States, on the theory that those notes are an invalid form of currency under the U.S. Constitution. *See, e.g.*, *id.* at 251-63. Upon review of the complaint and other filings, the Court will *sua sponte* dismiss and unseal the action.

Several considerations independently require dismissal.

*First*, Relators are not barred lawyers and improperly seek to bring their FCA claims *pro se*. It is well established that *pro se* litigants may not bring *qui tam* actions under the FCA, because *qui tam* relators represent another party, the United States—something nonlawyers

cannot do. *Idrogo v. Castro*, 672 F. App'x 27 (D.C. Cir. 2016). Courts may dismiss such actions *sua sponte*. *Deutsche Bank Nat'l Tr. Co. v. Holyfield*, 309 F. App'x 331, 333 (11th Cir. 2009).

*Second*, the Court lacks jurisdiction over Relators' FCA claims against members of the Board in their official capacities. The Board is a government body that enjoys sovereign immunity. *Albrecht v. Comm. on Emp. Benefits*, 357 F.3d 62, 67 (D.C. Cir. 2004). Sovereign immunity bars FCA suits against government officials in their official capacities, because such suits are effectively against the government itself. *See Abou-Hussein v. Mabus*, 953 F. Supp. 2d 251, 263 (D.D.C. 2013).

*Third*, the complaint merely rehashes theories that have been litigated numerous times in federal court. Courts "shall dismiss" any FCA action, "unless opposed by the Government, if substantially the same allegations or transactions . . . were publicly disclosed . . . in a Federal criminal, civil, or administrative hearing in which the Government or its agent is a party." 31 U.S.C. § 3730(e)(4)(A)(i). The theories that Relators advance in their complaint have been previously considered—and rejected—by the government in federal litigation. In fact, the government has prosecuted "tax protestors" who advance such theories about the invalidity of Federal Reserve Notes to excuse their failure to pay federal income tax. *See, e.g.*, *United States v. Schmitz*, 542 F.2d 782, 785 (9th Cir. 1976).

*Fourth*, all of Relators' claims—both the FCA claims and any claims that Relators bring as plaintiffs on their own behalf—must be dismissed because they are clearly frivolous. A court may *sua sponte* dismiss a cause of action for failure to state a claim where it is clear that the plaintiff has no possibility of obtaining relief. *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 370 (D.C. Cir. 1997). Legal theories based on the purported invalidity of Federal Reserve Notes are

2

meritless, as courts have explained time and time again to "tax protesters" who advance these theories. *See, e.g.*, *Schmitz*, 542 F.2d at 785; *In re Yuska*, 571 B.R. 424, 427-29 (Bankr. N.D. Iowa 2017). "Federal Reserve Notes constitute legal tender, and [Relators'] constitutional argument has been summarily found by [courts] to be without merit." *Schmitz*, 542 F.2d at 785. These frivolous theories fare no better in the FCA context. The issuance of Federal Reserve Notes and their use as legal tender are authorized by statute, *see* 12 U.S.C. § 411; 31 U.S.C. § 5103, and thus cannot constitute a false claim against the United States. Nor can these theories serve as the basis for any other cognizable claim (except, of course, claims that may arise against individuals who advance these meritless theories for their own gain).

*Finally*, Relators appear to lack standing to bring the claims they have asserted as individual plaintiffs. The complaint does not assert any particular harm suffered by Relators, but rather raises generalized grievances concerning the operation of the monetary system in this country. *See, e.g.*, ECF No. 1 at 15-16. "A litigant 'raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2662 (2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992)). That aptly describes Relators' individual claims here, providing another reason why they must be dismissed.

In addition to dismissing the case, the Court will also order it unsealed. FCA complaints are required to be maintained under seal for 60 days, which the Court may extend for good cause. 31 U.S.C. § 3730(b)(2)-(3). Well over 60 days have passed since the complaint was filed

3

under seal. Over 60 days have also passed since June 7, 2018, the date by which the Relators claim to have served the government pursuant to 31 U.S.C. § 3730(b)(2). *See* ECF No. 4.[1]

Relators have filed two motions to extend the 60-day sealing window. ECF Nos. 3, 5. As an initial matter, only the government—not Relators—may seek an extension of the seal. *See* 31 U.S.C. § 3730(b)(3). Regardless, there is no good reason to maintain this particular case under seal any longer. "FCA cases are sealed to allow the United States time to investigate the allegations . . . ." *United States ex rel. Grover v. Related Companies, LP*, 4 F. Supp. 3d 21, 27 (D.D.C. 2013). Given the nature of the complaint, which does not contain any confidential information about a fraud against the government, but instead brings patently frivolous allegations against the government itself, there is nothing for the government to investigate and no justification for maintaining the action under seal. Indeed, the case amounts to an abuse of the FCA's procedures: this is not a bona fide *qui tam* action, but merely a platform for Relators to advance their meritless conspiracy theories about our country's monetary system.

Accordingly, Relators' motions to extend the seal (ECF Nos. 3 and 5) will be denied, and the action dismissed and unsealed, in a separate order.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 24, 2018

---

[1] The Court makes no finding regarding whether service on the government was adequate.